**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**CANDRA BETH CLARK**                                                  **PLAINTIFF**

**v.**                                                  **CAUSE NO. 1:25CV149-LG-BWR**

**UNKNOWN HUBBARD,**
Warden                                                                   **DEFENDANT**

**ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION TO DISMISS,
AND DENYING PLAINTIFF'S MOTIONS**

Candra Beth Clark, a pro se plaintiff in the custody of the Harrison County
Detention Center in Gulfport, Mississippi, filed a [12] Petition for Writ of Habeas
Corpus pursuant to 28 U.S.C. § 2241. Defendant Unknown Hubbard filed a [19]
Motion to Dismiss the habeas petition, and Clark filed a [25] "Motion to Dismiss
Doc[.] 23, 19."[1] The Magistrate Judge entered a thorough [34] Report and
Recommendation proposing that Defendant's [19] Motion to Dismiss should be
granted; Clark's [12] Petition should be dismissed without prejudice; and that
Clark's [25] Motion to Dismiss should be denied. Clark also filed a [38] Motion for
Subpoenas and Evidence after the parties fully briefed the Report and
Recommendation. After reviewing the submissions of the parties, the record in this
matter, and the applicable law, the Court finds: the [34] Report and
Recommendation should be adopted; Defendant's [19] Motion to Dismiss should be

---

[1] It appears that Clark is asking the Court to strike Defendant's [19] Motion to
Dismiss and [23] Reply. The Magistrate Judge correctly construed Clark's [25]
Motion as an unauthorized sur-reply. Therefore, Clark's [25] Motion is denied.

granted; Clark's [25] Motion to Dismiss should be denied; Clark's [38] Motion for Subpoenas and Evidence should be denied; and Clark's [12] Petition for Writ of Habeas Corpus should be dismissed without prejudice.

## BACKGROUND

Clark was on post-release supervision following a 2021 malicious mischief conviction when a grand jury indicted her for unlawful possession of a weapon by a convicted felon.  The grand jury further found that she was a habitual offender.  A few days later, Clark was accused of aggravated assault with a deadly weapon and arrested.  Soon afterwards, the State of Mississippi filed a petition to revoke her post-release supervision.

On November 2, 2025, Clark filed her habeas petition with this Court.  At that time, she was a pretrial detainee housed at the Harrison County Adult Detention Center in Gulfport, Mississippi.  A grand jury indicted her for aggravated assault on November 17, 2025.

In January 2026, Defendant sought dismissal of Clark's federal habeas petition on multiple grounds, including failure to exhaust state court remedies.  On February 5, 2026, Clark filed a petition for habeas corpus with the state circuit court, which was quickly denied.  Clark appealed the denial of her state petition to the Mississippi Supreme Court on April 26, 2026.

On June 17, 2026, the Magistrate Judge recommended dismissal of Clark's federal petition for failure to exhaust.  Clark filed an [35] Objection and an [37] Amended Objection to the Report and Recommendation.  She also filed a [38]

Motion for Subpoenas and Evidence.  Clark has attempted to raise conditions of confinement claims in this habeas case multiple times.

According to Defendant, "[a] jury found Clark guilty of aggravated assault on May 28, 2026, but the trial court deferred sentencing to August 31, 2026."  Def.'s Resp. [36] at 6 n.1.  On June 3, 2026, Clark filed a Letter Motion with the Mississippi Supreme Court.  Presiding Justice Leslie D. King denied the Motion, noting that the Motion "summarily present[ed] various claims (e.g., speedy trial; 'fabrication of evidence')."  Order, *Clark v. State of Mississippi*, 2026-TS-00468 (July 1, 2026).  Presiding Justice King found "that the claims presented and the relief sought by Clark [in the Letter Motion] should be pursued in the trial court."  *Id.*  On July 23, 2026, Clark filed her appellate brief.

## DISCUSSION

When a party files a timely objection to a report and recommendation, the court must conduct a "de novo determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3).  Since Clark is representing herself, the Court has liberally construed her filings.  *See Collins v. Dall. Leadership Found.*, 77 F. 4th 327, 330 (5th Cir. 2023).  However, she cannot "raise a factual objection by merely re-urging arguments contained in the original petition." *See Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

Habeas relief is available for a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[I]t

has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention." *Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017). "Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings. The exhaustion requirement means that a habeas petitioner must fairly present the substance of his claim to the state courts." *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) (citation modified).

In her Objections, Clark claimed that Presiding Justice King denied her entire appeal on July 1, 2026. However, just over one week ago, she filed an appellate brief in which she acknowledged that she had "erroneously viewed" Presiding Justice King's Order "as a dismissal of the appeal [altogether]." Appellant's Br. at 1, *Clark v. State of Mississippi*, No. 2026-TS-00468 (July 23, 2026). As a result, the Magistrate Judge correctly determined that the Mississippi Supreme Court has not yet ruled on Clark's appeal, and Clark has not exhausted her remedies in state court. In the absence of exhaustion, the Court must dismiss her federal petition without prejudice.

Furthermore, as the Magistrate Judge correctly noted, Clark's conditions of confinement claims cannot be pursued in a habeas petition. In May 2025, the Court severed her habeas petition from her conditions of confinement claims, which are now pending in cause number 1:25cv33-TBM-BWR. The Court also entered an [14] Order rejecting her attempt to amend her petition to reassert or supplement her

conditions of confinement claims.  To the extent Clark continues to assert conditions of confinement claims in this habeas proceeding, the Magistrate Judge correctly determined that those claims should be dismissed without prejudice.  Finally, Clark's recent [38] Motion for Subpoenas and Evidence must be denied because she has failed to exhaust her claim in state court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [34] Report and Recommendation is **ADOPTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant's [19] Motion to Dismiss is **GRANTED**.  Clark's [12] Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Clark's [25] Motion to Dismiss and [38] Motion for Subpoenas and Evidence are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 31st day of July, 2026.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE